# McCarthy, Appellant, *v*. Rapid Transit Company.

*Negligence—Damages—Disease—St. Vitus's dance—Street railways.*

In an action against a street railway company to recover damages for personal injuries to a child two years old, the question whether the plaintiff was suffering at the time of the trial from St. Vitus's dance is properly withdrawn from the jury, where the evidence shows that the child had substantially recovered from the results of the accident in less than three months thereafter, and that symptoms of St. Vitus's dance were not noticed until eighteen months thereafter and no expert testified that the disease was the result of the accident although it might result from a physical injury.

Argued Dec. 16, 1909. Appeal, No. 206, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March Term, 1907, No. 2,764, on verdict for plaintiff in case of John McCarthy v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSCN, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for John McCarthy for $50.00 and for Joseph McCarthy for $52.00. Plaintiff appealed.

*Error assigned* was instructions to disregard the testimony relating to St. Vitus's dance.

*Augustus T. Ashton*, with him *Victor Frey*, for appellants.

*Thomas Leaming*, with him *David J. Smyth*, for appellee.

OPINION BY ORLADY, J., April 18, 1910:

The question involved is fairly stated by the appellant, whether the trial court was justified in withdrawing from the consideration of the jury the expert testimony which had been offered to prove that the plaintiff was suffering from St. Vitus's dance as a result of an injury received.

The plaintiff was a child two years of age, when in a collision between two cars belonging to the defendant company, April 7, 1907, he received a cut on the left cheek, was severely shocked and frightened, and was nervous for quite a period after the accident, during which time he had medical care in a hospital and from the family physician. On the trial of the case an expert was called who testified that this could be the result of the injuries received in the accident, and the trial judge directed the jury to disregard the question of St. Vitus's dance as one of the results of the accident, stating that there was not sufficient testimony to justify the jury in concluding that this disease was the result of that accident. In this we fully concur. A careful examination of the testimony shows that there was a substantial recovery from the injury of April 7, 1907, in less than three months thereafter. The chorea or St. Vitus's dance was not noticed until about a year and a half subsequent to the accident. No witness pretended to testify that he believed, that the chorea or St. Vitus's dance which affected the child at the time of the trial could be traced to the injury. The testimony shows that chorea in children is frequently induced by a number of causes, fright, injury, infectious diseases and others, and that the connection between the conditions developed in this testimony was at most conjectural. The principal expert when asked directly, "You do not attempt to say what caused this particular St. Vitus's dance?" answered, "I do not." The alleged cause was so remote that it could not be considered by the jury, as stated by the learned trial judge in refusing a new trial. See Blasband v. Traction Company, ante, p. 325, and Moss v. Traction Company, ante, p. 466.

The only assignment of error alleged was the direction to the jury, to disregard this expert medical testimony, and in this the court was clearly right.

The assignment of error is overruled and the judgment is affirmed.